EXHIBIT 1

THE COOPER LAW FIRM, P.C.
Scott B. Cooper (Cal. Bar No. 174520)
Samantha A. Smith (Cal. Bar No. 233331)
4000 Barranca Parkway, Suite 250
Irvine, California 92614
Tel: (949) 724-9200; Fax: (949)724-9255

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/08/2016** at 04:12:42 PM
Clerk of the Superior Court
By Patrick Gonzaga, Deputy Clerk

Attorneys for Plaintiff Perry Mitchell

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| PERRY MITCHELL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HORNBECK OFFSHORE OPERATORS, LLC, a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 37-2016-00043213-CU-OE-CTL<br><br>Assigned for all Purposes to:<br><br>**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay Regular and Minimum Wages**<br>2. **Failure to Pay Overtime Wages**<br>3. **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br>4. **Failure to Pay All Wages Due Upon Separation of Employment**<br>5. **Failure to Provide Accurate Itemized Statements and Maintain Records**<br>6. **Unfair Competition (Cal. Bus. & Prof. Code § 17200 *et seq.*)**<br>7. **Enforcement of Private Attorneys General Act of 2004 (Cal. Lab. Code § 2698 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

---

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Perry Mitchell, on behalf of himself and all others similarly situated, complain of Defendants, and each of them, and for causes of action alleges as follows:

## I.

## INTRODUCTION

1. This is an action by and on behalf of current and former employees of HORNBECK OFFSHORE OPERATORS, LLC and any subsidiaries or affiliated companies doing business in the State of California (hereinafter, along with Does 1-10, referred to as "Defendants") who are or were employed to work on one of Defendants' ships in California as "exempt" employees, but whose salary and job duties do not qualify these employees for an exemption under California law. Contrary to Defendants' misclassification of these employees as "exempt," the employees are and were entitled to overtime and other protections as non-exempt employees. It is Defendants' burden of pleading, evidence and proof to show that these employees are and were exempt under California wage and hour law. These employees have spent an insignificant amount of work time, if any, doing work that qualifies as exempt. For these reasons and others, they are and always have been entitled to overtime pay and non-exempt treatment under California wage and hour law.

2. This action is brought under California law for failure to pay legally required wages (including overtime), failure to provide meal periods or compensation in lieu thereof, willful failure to pay the employees all wages due upon the employees' separation from Defendants, and failure to furnish accurate itemized statements as required by Labor Code section 226. Plaintiff also brings claims for these violations under California's Unfair Competition Law and Private Attorneys General Act.

3. This action is brought both as a class action pursuant to California Code of Civil Procedure § 382 and a representative action under the California Private Attorneys General Act, Cal. Lab. Code 2698 *et seq.* ("PAGA").

## II.

## PARTIES

### A. Plaintiff

4. Plaintiff Terry Mitchell is a resident of San Diego, California. He was employed by Defendants as an officer-in-charge on the HOS Dominator located in Coronado, California during the relevant time period.

### B. Defendants

5. Upon information and belief, Hornbeck Offshore Operators, LLC is the owner/operator of a large vessel (the "HOS Dominator") located in Coronado, California, that is primarily docked. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the state of California and San Diego County. Venue as to each defendant is proper in this Court, pursuant to California Code of Civil Procedure section 395.5.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sue these defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

7. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class (as defined below). Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the named defendant and defendants DOES 1 through 10 were affiliated and were an integrated enterprise.

8. Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the

other Class Members (as defined below), and exercised control over the wages, hours, and working conditions of Plaintiff and the other Class Members. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants; and that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

### III.

### GENERAL ALLEGATIONS

9. At all relevant times mentioned herein, Defendants classified and treated Plaintiff and Class Members as exempt employees despite the fact that these employees' job duties and/or salary level did not qualify them for exempt treatment.

10. Plaintiff was employed by Defendants in California during the relevant time period, and was classified by Defendants as an exempt employee.

11. Defendants have throughout the relevant time period employed and misclassified non-exempt employees as exempt within California.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices and the requirements of California law.

13. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked, including overtime wages, and that they were not receiving all wages earned for work that was

required to be performed. In violation of the Labor Code and IWC Wage Orders, Defendants failed to pay wages – both minimum wages and overtime wages – for all hours worked by requiring Plaintiff and Class Members to spend 24 hours per day on the ship for several consecutive days (up to 28) and only compensating them with a fixed daily rate.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive lawful meal periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when they did not receive a lawful meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all lawful meal periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay as they were not allowed to leave the work site during their meal periods.

15. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed their gross and net wages earned, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other employees were entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, Plaintiff and Waiting Time SubClass Members did not receive payment of all wages within permissible time periods.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendants' profits.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## IV.

## CLASS ALLEGATIONS

18. Plaintiff brings this case on behalf of himself and on behalf of a class of all persons similarly situated, as more fully explained below. This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382 and other applicable law pertaining to class actions.

19. Plaintiff seeks to represent a class defined as follows:

> All current and former employees of Defendants who, at any time from four years prior to the filing this lawsuit to the present, worked on the HOS Dominator located in Coronado, California, were paid a flat daily rate, and were required to remain on the vessel for periods of 24 hours or more (the "Class" or "Class Members").

20. Plaintiff further seeks to represent a subclass defined as follows:

> All Class Members whose employment with Defendants terminated at any time from three years prior to the filing of this lawsuit to the present (the "Waiting Time Subclass").

21. Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the Class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues.

22. There is a well-defined community of interest in the litigation, and the Class and Subclass are ascertainable:

   (a) **Numerosity**: The Class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that it is approximately one hundred people or more.

(b) **Common Questions Predominate**: Common questions of law and fact exist as to all Class Members and predominate over any questions that affect only individual members of the Class. The common questions of law and fact include, but are not limited to:

(1) What were and are the policies, programs, practices, procedures and protocols of Defendants regarding Class Members' actual work and tasks, and their job duties;

(2) Whether Defendants pay Class Members for all time worked;

(3) Whether Defendants are and were subject to overtime requirements contained in the California Labor Code and IWC Wage Orders;

(4) What were and are the policies, programs, practices, procedures and protocols of Defendants regarding meal periods for Class Members;

(5) Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding meal periods for Class Members;

(6) What were and are the policies, programs, practices, procedures and protocols of Defendants regarding paying Class Members all wages due upon separation of employment, as required by Labor Code sections 201 and 202;

(7) Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding paying Class Members all wages due upon separation of employment, as required by Labor Code sections 201 and 202;

(8) What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the Class Members, upon each payment of wages, accurate itemized statements required by Labor Code section 226;

(9) Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the Class Members, upon each payment of wages, itemized statements required by Labor Code section 226; and,

(10) Whether Defendants violated Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this Complaint.

Additional common questions of law and fact may develop as the litigation progresses.

(c) **Typicality**: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and other Class Members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to Class Members as well as Plaintiff. Plaintiff seeks recovery for the same types of losses, injuries, and damages as were suffered by the other Class Members as well as Plaintiff.

(d) **Adequacy**: Plaintiff and his counsel will fairly and adequately protect the interests of the Class Members. Plaintiff has no interests that are adverse to the interests of the other Class Members.

(e) **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to class action analysis, the

expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results.

(f) **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws. Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Their former employees are fearful of bringing claims because doing so can harm their employment and future employment and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## V.

## CAUSES OF ACTION

### First Cause of Action

### *Failure to Pay Regular and Minimum Wages*

23. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

24. On information and belief, Plaintiff alleges that the wages paid to Plaintiff and Class Members did not compensate those employees at their regular hourly rate or at an hourly rate of at least minimum wage for all hours they worked.

25. As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of wages in amounts to be determined at trial and are entitled to recovery of such

1. amounts, plus liquidated damages, penalties, interest, attorneys' fees, and costs pursuant to, without limitation, Labor Code sections 1194, 1194.2, and 1197.1.

26. WHEREFORE, Plaintiff and Class Members he seeks to represent request relief as described herein and below.

## Second Cause of Action

### *Failure to Pay Overtime Wages*

27. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

28. Throughout the period applicable to this cause of action, Plaintiff and Class Members worked in excess of forty (40) hours per week and in excess of excess of eight (8) hours per day.

29. Throughout the period applicable to this cause of action, Defendants did not pay Plaintiff or Class Members at the required overtime rates for the work described in the preceding paragraph.

30. Pursuant to, without limitation, California Labor Code section 1194, Plaintiff and the Class Members are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, attorneys' fees and costs.

31. WHEREFORE, Plaintiff and the Class Members he seeks to represent request relief as described herein and below.

## Third Cause of Action

### *Failure to Provide Meal Periods*

32. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

33. California law provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes. Labor Code §§ 226.7, 512.

34. If an employer fails to provide an employee a legally mandated meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each five hours of work that the meal period is not provided. Labor Code § 226.7.

35. During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods because they worked more than five hours in a workday and were not permitted to leave the workplace for their meal periods.

36. Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

37. Throughout the period applicable to this cause of action, Defendants consistently failed to allow and provide the meal periods required by California law and failed to pay Plaintiff and Class Members the full meal period premium. Therefore, Plaintiff and the Class Members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

38. WHEREFORE, Plaintiff and the Class Members he seeks to represent request relief as described herein and below.

### Fourth Cause of Action

*Failure to Pay All Wages Due Upon Separation of Employment*

39. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

40. California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41. During the relevant time period, Defendants have willfully failed to pay and, upon information and belief, will willfully fail to pay Plaintiff and Waiting Time Subclass Members all their earned wages upon termination, including but not limited to minimum and overtime wages, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

42. Defendants' failure to pay Plaintiff and Waiting Time Subclass Members all their earned wages at the time or discharge or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

43. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed promptly upon discharge or resignation as required under California Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

44. Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.

45. WHEREFORE, Plaintiff and the Waiting Time Subclass Members he seeks to represent request relief as described herein and below.

### Fifth Cause of Action

*Failure to Furnish Accurate Itemized Wage Statements and Maintain Records*

46. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

47. California Labor Code § 226(a) requires employers to furnish their employees with an accurate itemized writing that shows gross wages earned, total hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the portion of his or her social security number as required by law, the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

48. Throughout the period applicable to this cause of action, Defendants intentionally and willfully failed to furnish to Plaintiff and the Class Members, upon each payment of wages, accurate itemized statements accurately showing, among other items: total hours worked, gross and net wages earned, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

49.  Plaintiff and the Class Members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of wages actually owed to them.

50.  California Labor Code § 226(e) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

51.  In addition, by failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and section (7) of the applicable IWC Wage Order, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid wages, including meal period compensation due Plaintiff and members of the Class.  On information and belief, Plaintiff alleges that Defendants' failure to maintain accurate records was willful.

52.  Plaintiff and the Class Members are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

53.  WHEREFORE, Plaintiff and the Class Members he seeks to represent request relief as described herein and below.

## Sixth Cause of Action

### *Violation of Unfair Competition Law*

54.  Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

55.  Plaintiff brings this action on behalf of each and all members of the general public, including the Class Members and Plaintiff themselves, pursuant to Business and Professions Code sections 17200 *et seq*.

56.  Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq*.

57. Pursuant to Business and Professions Code sections 17200 et seq., for the statute of limitations period covered by this cause of action, Plaintiff and the Class Members are entitled to restitution for at least the following: the unpaid wages, including meal period premium pay, withheld and retained by Defendants referred to above.

58. Plaintiff and the Class Members and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

59. WHEREFORE, Plaintiff and the Class Members he seeks to represent request relief as described herein and below.

## Seventh Cause of Action

### Enforcement of Labor Code §2698 et seq. ("PAGA")

60. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

61. Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

62. For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

63. Defendants' conduct violates numerous Labor Code sections including, but not limited to, the following:

(a) Violation of Labor Code §§ 201, 202, 203, 204, 510, 1194, 1197 and 1198 for failure to timely pay all earned wages (including regular, minimum, and overtime wages) owed to Plaintiff and other aggrieved employees during employment and upon separation of employment as herein alleged;

(b) Violation of Labor Code §§ 226.7 and 512 for failure to provide lawful meal periods to Plaintiff and other aggrieved employees and failure to pay compensation for missed meal periods as herein alleged;

(c) Violation of Labor Code §§ 226 and 226.3 for failure to provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged; and

(d) Violation of Labor Code §§ 1174 and 1174.5 for failure to maintain accurate records.

64. Further, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) provides "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

65. As set forth above, Defendants have violated numerous provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff seeks the remedies set forth in Labor Code § 558, including underpaid wages, for himself, the underpaid employees, and the State of California.

66. Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against him, and therefore is properly suited to represent the interests of all other aggrieved employees.

67. Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA.

68. Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

69. For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

70. WHEREFORE, Plaintiff and the aggrieved employees he seeks to represent request relief as described herein and below.

## VI.

## PRAYER

WHEREFORE, Plaintiff prays judgment for himself, and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows:

1. That the Court determine that this action may be maintained as a class action;
2. That Plaintiff be appointed the representative of the Class;
3. That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed Class counsel;
4. For unpaid and underpaid wages, including regular, minimum and overtime wages;
5. For waiting time penalties for all Waiting Time Subclass Members;
6. For actual damages or penalties pursuant to Labor Code § 226;
7. For compensation pursuant to Labor Code § 226.7;
8. For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;
9. For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;
10. For penalties pursuant to Labor Code § 2699 *et seq.*;

11. For pre-judgment interest;

12. For attorneys' fees and costs of suit;

13. For such other relief as the Court deems just and proper.

Dated: December 6, 2016

The Cooper Law Firm, P.C.

By: _____
Scott B. Cooper
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated: December 6, 2016

The Cooper Law Firm, P.C.

By: _____
Scott B. Cooper
Attorneys for Plaintiff